NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAD PARIS GARCIA, *Appellant.*

No. 1 CA-CR 14-0590
FILED 2-4-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-433150-003 DT
The Honorable Virginia L. Richter, Judge *Pro Tempore*
The Honorable Jeffrey Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

**¶1**        Shad Paris Garcia ("Appellant") appeals his conviction and sentence for misconduct involving weapons.  Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record on appeal and found no arguable question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[2]

**¶3**        On August 8, 2013, a grand jury issued an indictment charging Appellant with trafficking in stolen property, a class 3 felony, and misconduct involving weapons, a class 4 felony.  The State further alleged that Appellant had eight historical prior felony convictions arising from six

---

[1]        We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the crime for which Appellant was convicted.

[2]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

separate incidents. The parties stipulated at trial that Appellant had previously been convicted of a felony offense and his right to possess a weapon had not been restored.

¶4 On the first day of Appellant's three-day trial, which began on March 25, 2014, the trial court dismissed the charge of trafficking in stolen property upon the State's motion. The State presented the following evidence at trial: On August 20, 2012, Phoenix Police Detectives Egea, Roettjer, and Ayala were working undercover when they received a call from a woman named Sheila Gonzalez[3] concerning a "friend's" firearm she intended to sell. Gonzalez was apparently unaware the detectives were undercover police officers, and she had previously called the detectives to inform them when she knew of someone willing to sell drugs, firearms, stolen vehicles, or other contraband. The detectives drove to a supermarket parking lot, where they had agreed to meet with Gonzalez. Gonzalez arrived in a grey Mercury driven by Appellant. Gonzalez exited the Mercury, and the detectives exited their vehicle. Detective Roettjer and Gonzalez began speaking with one another.

¶5 Detective Roettjer negotiated a deal with Gonzalez for the sale of an assault rifle, which the detectives later learned had been stolen earlier that day. Before completing the deal, Detective Roettjer briefly inspected the rifle, which was in the back seat of the Mercury, and asked Appellant how much money he wanted in exchange. Appellant replied that whatever price the detective negotiated with Gonzalez would be "fine." The detectives ultimately paid Gonzalez $700 for the rifle. After Gonzalez had been paid, Detective Egea retrieved the assault rifle from the Mercury. The rifle was stuck between the driver's seat and the frame of the car, and Appellant moved his seat forward and pushed the barrel of the rifle back so that Detective Egea could retrieve it. Police arrested Appellant on a later date.

¶6 The jury found Appellant guilty as charged of misconduct involving weapons. At a July 30, 2014 trial on priors, the court found Appellant had been convicted of four prior felonies. The court sentenced

---

[3] Sheila Gonzalez was indicted on July 23, 2013, for five counts of theft of means of transportation, a class 3 felony; five counts of trafficking in stolen property, a class 2 felony; four counts of misconduct involving weapons, a class 4 felony; and one count of sale or transportation of narcotic drugs, a class 2 felony. The trial court granted the defense's motion to sever defendant Sheila Gonzalez from Appellant's case on November 15, 2013.

Appellant to the presumptive term of ten years in prison with credit for 137 days of presentence incarceration.  Appellant filed a timely notice of appeal.

## ANALYSIS

**¶7**        We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96.  The evidence presented at trial was substantial and supports the verdict.  Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing.  The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶8**        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶9**        Appellant's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED : ama